## (January 11, 1979)

■ GEORCHELLE ENTERPRISES, INC., Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, and HARRY SALVAN, Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered June 23, 1978, denying the cross motion by defendant Public Service Mutual Insurance Company (Public Service) for leave to amend its answer to interpose a cross claim for contribution so as to apportion the relative responsibility

between the parties pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143), against codefendant Salvan, unanimously reversed, on the law and in the exercise of discretion, with $75 costs and disbursements of this appeal payable to appellant by defendant-respondent, the motion for leave to serve an amended answer in the form annexed to the cross-moving papers granted, which amended answer shall be served within 20 days after service of the order to be entered on this appeal. We disagree with the conclusion reached by the Justice at Special Term that the assertion of the cross claim, some five and one-half years after the events set forth in the complaint, was time-barred. To the contrary, the law is clear that a cause of action for contribution does not accrue until the payment by the party asserting such claim of an amount in excess of his proportionate share of the judgment (CPLR 1402; *Klinger v Dudley,* 41 NY2d 362, 369). Moreover, as a practical matter, the cross claim sought to be interposed by Public Service could not have been made earlier, since Salvan apparently had possession of all relevant papers and information in connection with the litigation, having represented Public Service until he was substituted sometime during the pendency of the primary motion by plaintiff for summary judgment. Concur —Murphy, P. J., Lupiano, Silverman, Evans and Fein, JJ.